Argued April 22, affirmed as modified May 17, 1976

In the Matter of the Dissolution of the Marriage of
ROHDE, *Respondent,*
*and*
ROHDE, *Appellant.*
(No. E-5750, CA 5378)

549 P2d 1132

*Dennis A. Hachler,* Pendleton, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

The husband appeals from the property division of a dissolution of marriage decree entered in October of 1975. He requests us to eliminate that portion of the decree requiring him to pay wife $17,150 plus interest.

The parties were married in June of 1972. The record indicates that this was the wife's fourth and the husband's fifth marriage. Both are now 53 years of age and in good health.

The wife is financially well to do, having significant interest income, her own home and a vacation lake cabin. Because of her substantial assets, the parties entered into a prenuptial agreement providing that wife would keep the assets she obtained before the marriage. That agreement is not a part of the record and is not in issue here.

The disagreement as to the division of assets stems from the parties' investment in a cattle venture which was operated on a ranch owned by the husband before the marriage. Specifically, the disagreement is over who should bear the loss suffered by the cattle venture.

Before the marriage the husband had his ranch and a small herd of cattle valued at about $8,000, subject to an indebtedness of $1,968. During the marriage the husband worked long hours on the ranch. Additionally, he invested the following amounts: $39,000, borrowed from the Production Credit Association; $11,900, from his small construction company; and $4,000, received from the sale of a wheat crop. This amounts to a total investment during the marriage of $54,900.

Shortly before the marriage the wife gave husband $8,150 to buy cattle for the ranch. Soon after the marriage she gave him another $9,000 to purchase more cattle. In addition, she bought him a $3,500 pickup

truck, provided hay worth $8,600 and use of pasture land with a rental value of $3,600. The wife also gave the husband $5,600 from the sale of some of her land. The wife's investment totals about $38,500.

The trial court awarded the husband his ranch, the pickup truck and all the cattle, now valued at $25,000 but subject to indebtedness of about $41,000 ($1,968 debt before marriage plus $39,000 debt incurred during marriage). He was also ordered to repay the wife the $17,150 she provided for the purchase of the cattle.

The husband contends that the division of assets and liabilities ordered by the trial court requires him to bear most of the loss suffered by the cattle venture. He argues that this is not proper since the cattle business was essentially a joint business investment.

■ In determining what division of the assets and liabilities is "just and proper in all the circumstances," ORS 107.105(1)(e), we consider the duration of the marriage, the financial condition of the parties, their earning capacities, incomes, health, ages and the contribution each made toward the purchase of the assets in question. In this case the factors taken as a whole do not particularly favor either party.

By our computation, as a result of the division ordered by the trial court, the husband lost about $51,550 during the marriage. He had equity in the cattle of $6,000 before the marriage as compared to equity of about minus $45,550 now: $25,000 cattle plus $3,500 pickup, minus $41,000 debt, minus $17,150 debt to wife, minus $16,000 cash invested.

The wife invested $38,500 as noted above, but she has a judgment against the husband for $17,150. Additionally, she was able to use the $26,000 loss suffered by the ranch during 1972, 1973 and 1974 to reduce the income taxes she paid on her separate investment income. Conservatively, this saved her $8,000. As we compute it, the wife is about $13,300 worse off now, as compared to before the marriage: $38,500 investment, minus $17,150 judgment, minus $8,000 tax savings.

■ We agree with the husband that the division ordered by the trial court requires him to bear the brunt of the loss suffered by the ranching venture. This is not appropriate since the evidence is that the ranch was essentially a business venture entered into by husband and wife. If the price of cattle had risen, instead of dropping as it did, the wife would certainly expect to share in the profits of the venture. We think it only fair that she be required to bear a portion of the loss where the investment proved unwise.

We modify the decree, eliminating the provision requiring the husband to repay the wife the $17,150 she invested. The result is then that the husband bears about $34,400 of the loss and the wife bears about $30,500 of the loss.

Affirmed as modified. No costs to either party.